IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00006-GCM

| | |
|---|---|
| GARY L. LAND, ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| FOOD LION, LLC, ) | |
| Defendant. ) | |

THIS MATTER is before the court on Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6). (D.I. 8, 9). Plaintiff did not file a Response by the original due date of February 27, 2012. Subsequently, this Court entered an Order instructing Plaintiff to file a Response by March 26, 2012. (D.I. 10). To date, Plaintiff failed to file a Response or otherwise notify the Court of his intent not to file. Accordingly, this matter is ripe for determination. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

**I. FACTUAL BACKGROUND**[1]

In May 2006, Food Lion employed Plaintiff. (Compl. p. 1). Food Lion terminated Plaintiff on March 9 for "not working on Sundays." *Id*. Prior to his termination, Plaintiff filed two charges with the Equal Employment Opportunity Commission (the "EEOC"): (1) "'Race' (black) [for] being mistreated by [his] white co-workers and white management, verbal and

---

[1] For the purposes on this motion, the Court accepts as true Plaintiff's factual allegations in the Complaint. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007).

1

financial harassment," and (2) "'Religion.'" *Id*. Management was "fully aware" of the harassment and "did nothing to stop it and nothing to uphold the law." *Id*. After his termination, Plaintiff filed a charge with the EEOC and received a notice of right to sue. *Id*. Plaintiff concludes his Cause of Action by asserting that "Title VII of the Civil Rights Act of 1964 as amended protect [sic] those who file charges, against retaliation for opposing practices made unlawful through law." *Id* at p. 2. Plaintiff requests compensatory damages of $750,000. *Id*.

## II. LEGAL STANDARD

To survive a motion to dismiss, the Plaintiff must make factual allegations which "raise a right to relief above the speculative level" and plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 547 (2007). The Court must view the complaint in the light most favorable to the Plaintiff and take the Plaintiff's allegations as true. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). The Fourth Circuit requires district courts to construe *pro se* complaints liberally to ensure that valid claims do not fail merely for lack of legal specificity. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Ensuring that form does not trump substance also requires courts to "look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff" to determine whether a *pro se* plaintiff can survive a motion to dismiss. *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. 1997) (per curiam) (referencing *Gordon*, 574 F.2d at 1149-1151). However, this liberal construction need not extend to outright advocacy for the *pro se* plaintiff. *Gordon*, 574 F.2d at 1151. *Pro se* plaintiffs, with the assistance of the district court's lenient eye, must still do more than a "formulaic recitation of the elements of a cause of

action." *Twombly*, 550 U.S. at 555 (internal citations omitted). Conclusory allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1951-52 (2009).

## III. ANALYSIS

### 1. Plaintiff's Complaint Fails to State a Claim Upon Which Relief May Be Granted

#### i. Plaintiff's Claim for Harassment Lacks Factual Support

To state a claim for harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to e-17 ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"), a plaintiff must demonstrate harassing conduct that (1) was unwelcome, (2) was because of a protected category, (3) was sufficiently severe or pervasive to alter the working conditions and create an abusive atmosphere, and (4) is imputable to the employer. *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 313 (4th Cir. 2008). Plaintiff's Complaint fails to plead facts sufficient to support a harassment claim.

Bare allegations that (1) Plaintiff was "mistreated by [his] white co-workers and white management, verbal and financial harassment" and (2) Plaintiff filed a charge with the EEOC for "Religion," fail to demonstrate that the alleged harassment was because of any protected category. Additionally, Plaintiff's naked contention of mistreatment fails to suggest that harassment was either severe or pervasive enough to alter his working conditions. Plaintiff fails to specify how he was mistreated and Plaintiff provides no specific instance of mistreatment. These factual shortcomings are fatal to a harassment claim. *See, e.g., Mangum v. Town of Holly Springs*, 551 F. Supp. 2d 439, 443-44 (E.D.N.C. 2008) (sexual harassment claim dismissed because vulgar and profane language insufficient to meet protected category or "severe or pervasive" elements). Plaintiff's conclusory allegation that he was "mistreated" is not sufficient

3

to satisfy the pleading standard set forth in *Iqbal* or *Twombly*, and thus, the Court must dismiss Plaintiff's claim for harassment.

### ii. Plaintiff's Claim for Discrimination Lacks Factual Support

To state a claim for discrimination under Title VII, Plaintiff must allege that (1) he is a member of a protected class; (2) he was qualified for his job and his performance was satisfactory; (3) he was subjected to an adverse employment action; and (4) he was treated more severely than other similarly-situated employees who are not members of a protected class. *Cupples v. AmSAN, LLC*, 282 Fed. Appx. 205, 209 (4th Cir. 2008) (citing *Cook v. CSX Transp. Corp.*, 988 F.2d 507, 511 (4th Cir. 1993)).

Plaintiff's Complaint does not include factual allegations regarding Plaintiff's job qualifications or performance, or any comparison of his treatment versus any similarly situated employee outside of his protected class. Conclusory assertions of "discriminatory conduct" are insufficient and thus, Plaintiff's claim for discrimination fails. *See e.g. Manson v. N.C. A & T State Univ.*, No. 1:07cv867, 2008 WL 2987071, at *7-8 (M.D.N.C. July 31, 2008) (discrimination claim dismissed because plaintiff failed to allege facts showing he was in protected category); *Yongo v. Harris Teeter, Inc.*, No. 5:07cv92, 2007 WL 3353416, at *1 (E.D.N.C. Nov. 7, 2007) (discrimination claim dismissed because plaintiff failed to allege protected category or adverse employment action).

### 2. Plaintiff's Complaint is Untimely Pursuant to Title VII

Plaintiff's Complaint must be dismissed as untimely pursuant to Title VII of the Civil Rights Act. Under Title VII, Plaintiff had ninety (90) days from the date of receipt of the EEOC Right-to-Sue Letter in which to file this action. 42 U.S.C. §§ 2000e-5; *see also Reid v. Potter*, 2007 WL 3396424, *2 (W.D.N.C. Nov. 9, 2007) ("Failure to bring suit within the prescribed

ninety day limit of 42 U.S.C. § 2000e-5 is grounds for dismissal of this action.") The Right-to-Sue Letter attached to Plaintiff's Complaint lists the "Date Mailed" as September 28, 2011. Although Plaintiff asserts that he received the Right-to-Sue Letter on October 8, 2011, Plaintiff provided no evidence or explanation to establish the actual date of receipt. Where the date of the receipt is unknown or in dispute, courts presume receipt three days after the date of mailing by the EEOC. *Taylor v. Potter*, 355 F. Supp. 2d 817, 819 (M.D.N.C. 2005). Based on an application of the three-day presumption, Plaintiff received the Right-to-Sue Letter on October 1, 2011 and the ninety-day filing period expired on December 30, 2011. Plaintiff, however, filed his Complaint on January 6, 2012. The Court, therefore, dismisses Plaintiff's Complaint as untimely.

### 3. Plaintiff's Complaint is Subject to Dismissal for Insufficient Process and Insufficient Service of Process

Rule 4(h)(1) of the Federal Rules of Civil Procedure requires Plaintiff to serve the Summons and Complaint on Defendant Food Lion in a judicial district of the United States either (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual," or (2) "by delivering [the Summons and Complaint]... to an officer, a managing or general agent, or any other agent authorized by appointment or statute to receive service of process." Fed. R. Civ. P. 4(h)(1). North Carolina law permits service "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to [an] officer, director or agent. N.C. R. Civ. P. 4(j)(6)(c).

Here, Plaintiff mailed a copy of the Summons and Complaint to "Food Lion, LLC." Dkt. No. 5. Plaintiff failed to direct the Summons and Complaint to "an officer, director or managing agent." *See, e.g., El v. Max Daetwyler Corp.,* 2011 WL 1769805, *8 (W.D.N.C. May 9, 2011)

5

aff'd, 451 Fed. Appx. 257 (4th Cir. Oct. 20, 2011) (complaint dismissed for failure to serve summons on an "officer, director, or managing agent."); *Lane v. Winn-Dixie Charlotte, Inc.*, 169 N.C. App. 180, 185-87 (N.C. Ct. App. 2005) (summons defective on its face for failure to designate any person authorized by North Carolina Rule of Civil Procedure 4(j)(6)). Plaintiff's attempted service was improper and defective, and his Complaint is subject to dismissal, because he failed to direct the Summons and Complaint to one of the individuals authorized by either the Federal or North Carolina Rules of Civil Procedure.

Actual notice of a lawsuit is insufficient to confer jurisdiction over the person of a defendant, and improper service of process, even if it results in notice, is not sufficient to confer such personal jurisdiction. *Bowman v. Weeks Marine, Inc.*, 936 F. Supp. 329, 336-37 (D.S.C. 1996) (citing *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297 (7th Cir. 1991)), abrogated on other grounds by, *Murphy Bros., Inc. v. Michetti Pipestringing, Inc.*, 526 U.S. 344 (1999)).

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is GRANTED. Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted, for failure to comply with the ninety day filing rule, and for insufficient process and insufficient service of process.

IT IS SO ORDERED.

Signed: May 14, 2012

Graham C. Mullen
United States District Judge